Daniel G. Albert, J.
This is an article 78 proceeding to review the refusal of the Nassau County Planning Commission to issue a certificate attesting to nonaction taken by the commission, pursuant to subdivision 5 of section 1610 of the County Government Law of Nassau County (L. 1936, ch. 879, as amd.) and further fixing subdivision improvement bonds as required.
The facts are conceded. They indicate that the petitioners filed maps prepared for them by professional engineers, conforming to the conditions and regulations of the Planning Board, approved by indorsement on the face thereof by the Commissioner of Public Works as to street and plat drainage, and by the Division of Environmental Sanitation of the State of New York as to sanitary disposing facilities. The maps were filed on June 25, 1964 and payment made of the required fees, and *150 approved by the staff of the Planning Commission on July 28, 3 964 at a public hearing.
Decision on final approval was reserved and no further decision was indicated. On August 13, 1964, more than 45 days after the filing of said plans, petitioners demanded a certificate from the executive secretary of the Planning Commission. This was refused.
The petitioners take the position that the filing of the plans with the required indorsements and the payment of fees required therefor constituted a “submission” within the meaning of the applicable statute, and that approval or disapproval was mandated within a period of 45 days after such submission.
The respondents contend that the submission did not occur until a public hearing was held (Nassau County Planning Comm. Regulations for Subdivision of Land, § 1, subd. 1). It is the opinion of this court that the position of the petitioners is sound and should prevail.
The relevant statute (Nassau County Government Law, § 1610, subd. 5) enunciates a procedure which contemplates a hearing “ after ” the submission of the plat. This statute states that ‘ ‘ Any plat submitted shall contain the name and address of the person to whom notice of a hearing may be sent, and no plat shall be acted upon without affording a hearing thereon.”
To hold that a submission does not occur until a hearing is held would be to violate the plain meaning of the precise phraseology of the statute. It needs no citation to support the well-settled doctrine that the wording of a statute shall be given its obvious understandable meaning. Any other construction would do violence to the legislative intent and process.
Insofar as the quoted section of the Nassau County Government Law provides that the plat shall be filed ‘ ‘ in accordance with the regulations of the County Planning Commission,” such limitation merely is applicable to the formal requirements of filing, as the same are incident to such physical act. It was certainly not the legislative intent to empower the County Planning Commission to set up a procedural “ road block”, and thus negate the clear intent of a legislative statutory enactment; for if this were the case such a body could never hold a public hearing, if it felt so inclined, and could therefore extend the period limited by statute indefinitely.
Since the County Planning Commission lacks the power to enact a regulation which contravenes the statute, such regulation must for the purposes of this application be deemed a nullity. Petitioners’ application is granted.